IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ROBERT W. FOX and JANE L. FOX,
   Plaintiffs

v.                    CIV. NO. AMD 02-3074

BALTIMORE COUNTY, MD,
   Defendant

...o0o...

MEMORANDUM

This case presents an "as applied" due process challenge, in the form of a declaratory judgment action which was timely removed from state court, to the manner in which Baltimore County, Maryland, the defendant, has elected to enforce its "Livability Code" in respect to the external condition of owner-occupied residential real property.

Plaintiffs Robert and Jane Fox are homeowners residing in Baltimore County. On or about May 13, 2002, an enforcement agent of the County Department of Permits and Development Management issued to the Foxes a Uniform Code Enforcement Correction Notice ("the Notice"). Amended Complaint ¶ 2. Specifically, the Notice directed compliance with the following directions: "remove shutters or put all shutters in place" and "paint exterior of dwelling unit." *Id.* In response, on or about June 14, 2002, plaintiffs filed this declaratory judgment action in the Circuit Court for Baltimore County seeking a declaration that the Notice was "invalid . . . ineffective . . . void and unenforceable" under the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

On or about July 6, 2002, the enforcement agent voided the Notice and served

plaintiffs with a second Correction Notice ("the Second Notice"). *Id.* ¶ 3. The Second Notice directed compliance with the following directions: "remove all debris; cut tree back so as not to obstruct sidewalk; replace broken/missing window pane; scrape all flaking and peeling paint and paint exterior of dwelling unit." *Id.* ¶ 4. Plaintiffs then filed an amended complaint in which they sought a declaration as to the enforceability of the Second Notice. *Id.*

On or about August 15, 2002, while the case was pending in state court, plaintiffs filed a motion for summary judgment. Subsequently, on or about September 17, 2002, the County removed the case to this court pursuant to 28 U.S.C. § 1441, and filed the pending motion to dismiss for failure to state a claim, pursuant to Fed.R.Civ.P. 12(b)(6), and its opposition to the motion for summary judgment. Plaintiffs have filed their opposition to the County's motion to dismiss.[1] No hearing is needed.

Admittedly, whether this court has and/or should exercise jurisdiction over this quixotic declaratory judgment action is a close question, as is the issue of whether plaintiffs have even stated a cognizable constitutional claim. Nevertheless, as there is no dispute of material fact, and despite the fact that the County has not sought summary judgment, I shall award summary judgment in favor of the County and declare that, as applied to plaintiffs here, the relevant provisions of the Baltimore County Code do not run afoul of the Due Process Clause of the Fourteenth Amendment. *See* Fed. R. Civ. P. 56(c); *see also Sharp*

---

[1] The record shows that during the pendency of this lawsuit, because plaintiffs failed to paint the exterior of the property, an $8200 "civil penalty" has been assessed against the plaintiffs and a "quasi-judicial" enforcement hearing was scheduled to take place on October 9, 2002. The hearing has been postponed pending the resolution of this case.

*Electronics Corp. v. Deutsche Financial Servs. Corp.*, 216 F.3d 388, 398 (4th Cir. 2000) (vacating summary judgment in favor of appellant and awarding summary judgment to appellee, notwithstanding fact that appellee never sought summary judgment in the district court, where on undisputed facts appellee was entitled to judgment as a matter of law), *cert. denied*, 531 U.S. 1072 (2001).

"The Due Process Clause of the Fourteenth Amendment reduces unfair or mistaken deprivations of individual interests by commanding states to provide persons in jeopardy of loss with certain procedural safeguards." *Mallette v. Arlington County Employees' Supplemental Retirement Sys.*, 91 F.3d 630, 634 (4th Cir. 1996). "The first inquiry in every due process challenge is whether the plaintiff has been deprived of a protected interest in 'property' or 'liberty.'" *American Manufacturers Mutual Ins. Co. v. Sullivan*, 526 U. S. 40, 59 (1999)(citations omitted). It is undisputed that enforcement of the County's Livability Code has the potential to effect a deprivation of a homeowner's interest in property, and that indeed, in the case at bar, an $8200 civil penalty assessment has been preliminarily entered upon plaintiffs' failure to comply with the Second Notice.

Undoubtedly, therefore, plaintiffs' interest in avoiding the imposition of a civil penalty for noncompliance with violation notices-- and even their desire to avoid compelled expenditures of their own funds to repair their own property-- entitles them to due process, that is, adequate and sufficient notice of the alleged violations and an opportunity to be heard "at a meaningful time and in a meaningful manner." *Armstrong v. Manzo,* 380 U.S. 545, 552 (1965). Nevertheless, "[d]ue process is flexible and calls for such procedural protections as

the particular situation demands." *Schweiker v. McClure*, 456 U.S. 188, 200 (1982)(quoting *Morissey v. Brewer*, 408 U.S. 471, 481 (1972)).

In the case at bar, the plaintiffs have been provided with a clear explanation of the property defects which the County seeks to compel them to remedy. Furthermore, there is no dispute that the County has in place a "quasi-judicial" hearing procedure pursuant to which homeowners such as plaintiffs may, with the assistance of counsel if they elect, require the County to shoulder the burden of establishing the truth of the allegations made by the enforcement officer who issued the violation notice. It is undisputed that at the "quasi-judicial" code enforcement hearing, the plaintiffs will enjoy the right to present witnesses and introduce evidence, and to cross-examine adverse witnesses.[2] Finally, it is undisputed that Maryland law affords persons such as plaintiffs the right to judicial review of such administrative action. *See generally Board of Education of Prince George's County v. Secretary of Personnel*, 317 Md. 34, 562 A.2d 700 (1989); *cf.* Md. Rule 7-201 *et seq.*

---

[2] The following summary appears on the Baltimore County website:
    In 1997, the Baltimore County Council passed a Code Enforcement Law to establish a procedure for the enforcement of . . . [the] livability code, or any regulation or standard administered by the [Department of Permits and Development Management]. The procedure provides for an administrative hearing before the Code Official defined as the Director of Permits and Development Management or his designee.
    The hearings are conducted as a quasi-judicial hearing before the code official, and the alleged violator is entitled to be represented by an attorney, present witnesses and evidence, and cross-examine any witnesses against the alleged violator. At the close of the hearing the code official may impose a penalty if there is a finding of a violation . . . .
*See* http://www.co.ba.md.us/p.cfm/agencies/permits/pdmadmhj.cfm (visited on October 19, 2002).

(procedure for obtaining judicial review of decisions of administrative agencies). The Due Process Clause requires no more. *See generally Matthews v. Eldridge*, 424 U.S. 319 (1976).

Plaintiffs' exegesis on the alleged attempts by the County to "intimidate" homeowners into compliance with the Livability Code by referring to criminal enforcement provisions contained in the law misses the mark. In fact, violations of the County Code may be prosecuted as misdemeanor offenses. But this fact is irrelevant in this case, as plaintiffs have not been charged criminally. Moreover, the Supreme Court has long recognized the permissible role civil penalties play as sanctions in governmental enforcement of laws intended to protect the health and welfare of the community. The Court has repeatedly distinguished such impositions from criminal punishments. *See, e.g., United States v. Ward*, 448 U.S. 242 (1980). Accordingly, to the extent that plaintiffs contend that they are entitled under the circumstances of this case to some higher level of due process protection as if they are involved in a criminal case, their contentions lack merit and are rejected.

For the reasons set forth above, I shall deny the parties' respective motions and enter the following judgment order.

Filed: October 21, 2002

_____
ANDRE M. DAVIS
UNITED STATES DISTRICT JUDGE